**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GIERTSEN COMPANY OF WISCONSIN, d/b/a GIERTSEN RESTORATION,**<br><br>**Defendant.** | **CIVIL ACTION NO.** 2:21-cv-1140<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991("Title VII"), to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Black employees, who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that the Defendant, Giertsen Company of Wisconsin, doing business as Giertsen Restoration (herein referred to as "Defendant" or "Giertsen"), engaged in race discrimination against Black employees by subjecting them to racial harassment by creating and maintaining a hostile work environment because of their race, Black. The Commission further alleges that Defendant violated Title VII by retaliating against a former employee after he complained of the harassment by subjecting him to more physically demanding and unpleasant work assignments and ultimately terminating his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Giertsen Company of Wisconsin has continuously been a corporation doing business in the State of Wisconsin and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Giertsen Company of Wisconsin has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## CONDITIONS PRECEDENT

11. More than thirty days prior to the institution of this lawsuit, a former Giertsen employee ("Charging Party") filed charge 443-2019-00704 with the Commission alleging violations of Title VII by Defendant.

12. On May 24, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. On August 17, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

16. Since at least on or about July 2018, Defendant has engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1), 2000e-3(a). These unlawful practices include, but are not limited to, the following:

(a). Defendant engaged in racial discrimination against Charging Party and other Black employees by subjecting them to severe or pervasive racial harassment by creating and maintaining a hostile work environment, because of their race (Black). The harassment included, but was not limited to, repeated use of racial slurs and repeated racially offensive comments and jokes.

(b). Defendant was aware of such conduct because Charging Party and other employees complained to the company about the conduct on multiple occasions

and the conduct was perpetrated, in part, by Defendant's managers or in the presence of Defendant's managers.

(c) Defendant failed to correct or prevent the hostile working environment despite having actual and/or constructive notice of its existence.

(d) Defendant engaged in retaliation against Charging Party after he complained to Defendant about racial harassment by subjecting him to more physically demanding and unpleasant work assignments and terminating his employment.

17. The effect of the practices complained of above has been to deprive Charging Party and other Black employees of equal employment opportunities and otherwise adversely affect their status as an employee, because of their race, Black, and because Charging Party engaged in protected activity under Title VII.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and other Black employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment.

B. Grant a permanent injunction enjoining Defendant, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it,

from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for Black employees and for persons who engage in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Charging Party whole, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement for Charging Party and/or front-pay.

E. Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial, including, but not limited to, job search expenses.

F. Order Defendant to make Charging Party and other Black employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G. Order Defendant to pay Charging Party and other Black employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

September 29, 2021

Gwendolyn Young Reams
Acting General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/ Gregory M. Gochanour
Gregory Gochanour
Regional Attorney

s/ Ethan M.M. Cohen
Ethan M.M. Cohen
Supervisory Trial Attorney

s/ Richard J. Mrizek
Richard J. Mrizek
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, IL 60604
312-872-9724
richard.mrizek@eeoc.gov

s/ Leslie N. Carter
Leslie N. Carter
Trial Attorney
Equal Employment Opportunity
Commission
Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3711
leslie.carter@eeoc.gov