IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GIERTSEN COMPANY OF WISCONSIN,<br><br>Defendant. | Civil Action No. 21-cv-1130-JPS<br><br>CONSENT DECREE |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") filed a Complaint against Defendant Giertsen Company of Wisconsin ("Defendant" or "Giertsen Restoration"), *EEOC v. Giertsen Company of Wisconsin*, Civil Action No. 21-cv-1130-jps, alleging that Defendant, doing business as Giertsen Restoration, engaged in race discrimination against Black employees, subjecting them to racial harassment by creating and maintaining a hostile work environment because of their race, Black. The Commission further alleged that Defendant violated Title VII by retaliating against a former employee, Charging Party, after he complained of the harassment by subjecting him to more physically demanding and unpleasant work assignments and ultimately terminating his employment. The EEOC alleged all of Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Defendant filed an Answer denying that it violated Title VII in any respect.

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained

1

sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Defendant were represented by counsel knowledgeable in this area of the law. Nothing in this Consent Decree constitutes an admission by either party of any allegation or denials in this action.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

**I.      JURISDICTION**

      **A.**      This Court has jurisdiction over the parties and the subject matter of this action.

      **B.**      No party shall dispute that the Court has jurisdiction to enter all orders, judgments, and decrees that may be necessary to implement the relief and enforce compliance with this Decree.

**II.     FINDINGS**

      **A.**      The purposes of the Title VII and the public interest will be furthered by the entry of this Decree.

      **B.**      The terms of this Decree constitute a fair and equitable settlement of this action.

**III.    SCOPE**

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Charging Party underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

## IV. DEFINITIONS

As used herein, "Giertsen Restoration" shall mean Defendant's business located in the State of Wisconsin.

## V. TERM

The Term of this Decree and all obligations hereunder shall be three (3) years from the date the Decree is entered by the Court in the Electronic Case Filing System of the District Court for the Eastern District of Wisconsin (the "Effective Date").

## VI. INJUNCTION

Giertsen Restoration, and its officers, agents, management (including supervisory employees), successors and assigns shall not engage in harassment or discrimination against any person based on race.

Giertsen Restoration, and its officers, agents, management (including supervisory employees), successors and assigns shall not engage in retaliation against any person because such person opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## VII. EMPLOYMENT REFERENCE

Giertsen Restoration will provide a neutral employment reference for the Charging Party. Requests for references should be made to Giertsen's Human Resources Department at 763-277-4416. When providing reference check information, Defendant will provide prospective employers with information about the Charging Party's dates of employment, job titles, and wage rate.

## VIII. DESIGNATION OF EEO OFFICER

    A.    Within seven (7) days of the Effective Date of this Decree, Defendant shall designate Andrew Giertsen to serve as Equal Employment Opportunity ("EEO") Officer to ensure Defendant's compliance with this Decree and the provisions of Title VII that prohibit racial harassment and retaliation. The EEO Officer shall be responsible for:

1. Ensuring that Defendant's procedures to handle complaints of racial harassment and retaliation comply with its obligations under Title VII and this Decree;

2. Ensuring that Defendant reviews Defendant's workplace policies and procedures relating to racial harassment and retaliation, and revises any policies inconsistent with Title VII, and that all policies are distributed to all employees within 30 days of entry of this decree, and upon the date of hire for employees hired more than 30 days after the entry of the decree;

3. Ensuring that all employees are trained on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of racial harassment and retaliation;

4. Ensuring that all employees are trained on Defendant's policies and procedures relating to racial harassment and retaliation;

5. Conducting audits, as described in Section XII below, to ensure that Defendant's managers and supervisors are held accountable and to reinforce Defendant's policies in prohibiting racial harassment and retaliation against employees under Title VII, and reporting the findings of such audits to the EEOC;

6. Conducting interviews and/or surveys of Defendant's employees to follow-up on any identified claims of racial harassment and/or retaliation, and reporting the

4

findings of such interviews and/or surveys to the EEOC;

7. Conducting investigations on all complaints of racial harassment, race discrimination, and/or retaliation and ensuring that such investigations are conducted in compliance with Title VII;

8. Ensuring that Defendant creates, implements and maintains a complaint procedure process that allows employees to submit complaints and explicitly identifies who racial harassment and retaliation complaints should be made to, the investigation process, and what actions will be taken in response to complaints.

9. Ensuring that Defendant communicates with complainants about the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken;

10. Ensuring that Defendant's reports required by this Decree are accurately compiled and timely submitted;

11. Reviewing and revising Defendant's disciplinary policies to hold managers, supervisors and any employees who are responsible for human resources functions accountable for failing to take appropriate action in response to racial harassment or retaliation complaints;

12. Ensuring that Defendant creates, implements and maintains a centralized system of tracking racial harassment or retaliation complaints; and

13. Ensuring that employees are informed that discrimination and/or retaliation complaints can be made to their supervisors, to human resources, or directly to the EEO Officer, including the options to report in-person, by telephone, or by email. All complaints shall be incorporated into the required reporting to the EEOC.

14. Ensuring that information about the complaint procedure and the responsibilities of the EEO Officer is communicated to all employees.

## IX. TRAINING AND POLICIES

A. On an annual basis for the term of this Consent Decree, Defendant will train its management personnel on Title VII's provisions prohibiting discrimination, harassment, and retaliation. The training may also include information about other laws prohibiting discrimination in the workplace and about Defendant's equal employment opportunity policies. The training must be provided by a live trainer but may be conducted via videoconference. An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 15 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes in the presenters, the agenda and the materials until 7 days before each training. The first annual training shall total no less than two hours. Each subsequent training shall total no less than two hours, which may be presented in a two-hour session, or as two one-hour training sessions. The EEOC shall be notified of the time and date of each scheduled training and be provided a list of who attended with signatures of the attendees.

B. On an annual basis for the term of this Consent Decree, Defendant will train its non-management employees on their rights as employees to be free from discrimination under Title VII, including but not limited to racial harassment and retaliation. Such training shall advise employees of their right to file charges of discrimination with the EEOC and other fair employment practices agencies. The training will also include information about Defendant's internal complaint and investigation process. The training for non-management employees must be provided by a live, in-person trainer for at least one session if feasible. The training may be

conducted by live videoconference if necessary due to COVID restrictions. Individuals that could not or did not attend the live session will be given recorded training or video-conference training no later than 7 days after the training. A list of individuals who attend training will be provided in Giertsen's next report to the EEOC. Individuals that could not or did not attend the live session are required to complete the video-conference training within 7 days of receiving the recording and must attest, in a signed writing, to the date they completed the training. A list of all individuals who could not or did not attend the live session will be produced to the EEOC, within 30 days of the training, with their signed attestations that they watched the recorded training will be provided in Giertsen's next report to the EEOC. Employees who, without reasonable cause, do not attend the training as scheduled shall be subjected to discipline by the Defendant.

    **C.**    At the beginning of each training session held under this Decree, Defendant's owner or area manager or other official of similar statute within the management hierarchy will introduce the trainer and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously and that there will be no retaliation against any employee for complaining about discrimination.

    **D.**    Within thirty (30) days of the Effective Date of this Decree, Defendant shall specifically inform all employees of the existence and identity of the EEO Officer, and the option to report discrimination and/or retaliation complaints directly to the EEO Officer by telephone, email, and in-person; Defendant shall revise its policies to identify the EEO Officer and provide contact information for the EEO Officer in Defendant's revised policies and during all trainings as provided under this Decree.

    **E.**    Within thirty (30) days of the Effective Date of this Decree, Defendant shall review, revise, distribute and implement its policies and procedures against racial harassment and

retaliation prohibited under Title VII. In addition to contact information for the EEO Officer, all revised policies shall include:

1. A clear explanation of prohibited conduct, including an explanation that racial harassment and retaliation are prohibited;

2. Assurance that employees who make complaints of racial harassment and/or retaliation or who provide information related to such complaints are protected against retaliation;

3. A clearly described complaint process for racial harassment and/or retaliation that provides accessible ways for employees to make complaints;

4. Assurance that Defendant will protect the confidentiality of racial harassment and/or retaliation complaints to the extent possible, and that complaints will be only disclosed to individuals who need to know;

5. A complaint process that provides a prompt, thorough, and impartial investigation that will begin within a reasonable period of time, but no longer than 10 business days, after a racial harassment and/or retaliation complaint is made to the EEO Officer, a member of management, or to any human resources employee, whether verbally or in writing;

6. An instruction that managers and supervisors shall report all known racial harassment and/or retaliation complaints to Giertsen's EEO Officer;

7. A disciplinary policy that holds managers and supervisors accountable for failing to take appropriate action in response to racial harassment and/or retaliation complaints, or for engaging in racial harassment and/or retaliation;

8. A procedure for communicating in writing with the complainant regarding the

status of a racial harassment and/or retaliation complaint, results of the

investigation, and if any remedial action was taken;

9. An instruction that Defendant will take prompt corrective, preventive and/or disciplinary action when it determines that racial harassment, race discrimination, and/or retaliation has occurred.

## X. POSTING TO EMPLOYEES

A. Defendant will post and cause to remain posted, the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all its facilities. The posters shall also be posted in all common areas.

B. Defendant will post the Notice attached as **Exhibit A** at its facilities in Wisconsin. **Exhibit A** will be posted in locations where notices for employees are generally posted, as well as any common areas, and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## XI. RECORDKEEPING AND REPORTING

A. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

B. On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with Title VII, and it has conducted the training of its personnel as required by this Decree. After the first report to the EEOC, Defendant's subsequent annual reports shall document any further revisions or changes to its

workplace policies and describe how such revisions are consistent with Title VII and this Consent Decree.

  **C.** During the term of this Consent Decree, Defendant must retain records of any complaints of discrimination, as well as all documents received or created as part of any investigation into any complaint of discrimination. Defendant shall document, collect, and maintain information to provide the EEOC with reports every six months, listing all complaints, written or verbal, of racial harassment, race discrimination and/or retaliation made during that reporting period. Such information and reports shall include the following: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a detailed description of the facts alleged by the complainant; (5) details of the investigation conducted by Defendant of the complaint; and (6) a description of what action, if any, Defendant took in response to the complaint. Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within ten days of request.

## XII. EEO COMPLIANCE AUDITS AND INTERVIEWS

  The EEO Officer shall conduct in-person annual unannounced audits at Giertsen Restoration worksites to encourage employees to report any racial harassment and/or retaliation. The EEO Officer shall speak in-person with employees selected by the EEO Officer and ensure compliance with policies prohibiting racial harassment and retaliation. To ensure that the employees feel comfortable giving their input, the audits will be conducted outside the presence of managers and supervisors, without advance knowledge of the audit. An annual report containing the results of the audit and employee feedback shall be compiled by the EEO Officer and submitted to the EEOC. Defendant shall work with the EEO Officer to correct any

deficiencies or problems raised in the audit. The audit will seek the following information:

1. Whether there are issues of racial harassment or retaliation at Giertsen or any worksite to which Giertsen employees, including temporary employees, are deployed;

2. Whether the policies and procedures to report and investigate racial harassment or retaliation are being followed by managers and supervisors;

3. Whether corrective, preventative or disciplinary measures are being carried out in response to racial harassment or retaliation complaints by individuals identified to handle such complaints.

The EEO Officer shall conduct follow-up interviews to gather information on any claims of racial harassment or retaliation identified through the audit. If the interviews indicate potential violations of Defendant's policies that prohibit racial harassment or retaliation or other violations of Title VII, the EEO Officer will further investigate the matter and implement prompt and effective remedial actions.

### XIII. MONETARY REMEDY

A. Defendant agrees to pay a total of $140,000.00 to resolve this matter. Defendant will make the payments outlined in Exhibit C within fourteen (14) days after the Effective Date of the Consent Decree, or the execution of the Charging Party's or Aggrieved Individual's release, Exhibit B, whichever occurs later.

B. The Charging Party's and each Aggrieved Individual's individual execution of a release, attached as **Exhibit B**, will be a condition precedent to their receipt of relief under this Decree.

C. The Monetary Remedy Distribution for the Charging Party and each Aggrieved

11

Individual is outlined in **Exhibit C**, which is attached.

      **D.**      Defendant will provide the Charging Party and each Aggrieved Individual with appropriate income tax documentation. Defendant will provide Charging Party with a W-2 income tax form for the back pay. The employer's portion of federal, state and local payroll taxes shall not be deducted from the amount due to the Charging Party and Aggrieved Individuals. Defendant will provide the Charging Party and Aggrieved Individuals with 1099 tax forms reflecting the compensatory damages. Defendant is not required to withhold taxes on the compensatory damages.

      **E.**      EEOC will provide Defendant with addresses for the Charging Party and Aggrieved Individuals.

      **F.**      Defendant shall mail the checks to the Charging Party and Aggrieved Individuals. Defendant shall simultaneously mail a copy of the checks and any related correspondence provided to the Charging Party and Aggrieved Individuals to the EEOC's Milwaukee Area Office, Legal Unit: Giertsen Consent Decree Monitoring, U.S. Equal Employment Opportunity Commission, 310 W. Wisconsin Ave, Suite 500, Milwaukee, WI 53202 and email the EEOC copies of the same.

## XIV.   SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors and assigns of Giertsen Restoration. Defendant and any successors of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or to transfer all or a substantial portion of Defendant's assets to any other person or entity. Defendant shall provide to the EEOC fourteen (14) days' advance written notice of such merger, acquisition, sale, or transfer. This

12

Case 2:21-cv-01130-JPS   Filed 06/02/22   Page 12 of 16   Document 21

paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

XV. **DISPUTE RESOLUTION**

The EEOC will give Defendant fifteen (15) days' notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined there is a need to seek immediate injunctive or other extraordinary relief.

XVI. **COMPLIANCE REVIEW**

The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least fifteen (15) business days in advance of any inspection of Defendant's documents or premises, except that EEOC may visit the premises to determine compliance with the posting requirement without notice. Upon such occurrence, Defendant will allow EEOC representatives to review compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, and interviewing employees and management officials on its premises.

XVII. **MISCELLANEOUS PROVISIONS**

    **A.** Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree including but not limited to the costs associated with training and creation/revision of policies.

    **B.** The EEOC and Defendant shall each bear their own costs and attorney's fees.

    **C.** When this Decree requires a certification by Defendant of any fact(s), such

certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by email to Leslie.Carter@eeoc.gov and Carrie.Vance@eeoc.gov and via mail to Giertsen Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 310 W. Wisconsin Avenue, Suite 500, Milwaukee, WI 53203. By advance agreement of the parties, materials may alternatively be submitted by electronic mail only.

**By the Court:**

**IT IS SO ORDERED.**

Dated: _____June 2\_\_\_\_\_, 2022

_____
Honorable J. P. Stadtmueller
United States District Judge

**The parties jointly request that the Court approve and enter this Consent Decree.**

Dated: May 27, 2022          ATTORNEYS FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*/s/ Gregory Gochanour*
Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Email: greg.gochanour@eeoc.gov

*/s/ Ethan Cohen*
Ethan Cohen
Supervisory Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov

*/s/ Leslie N. Carter*
Leslie N. Carter, IL Bar # 6311023
Senior Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
Telephone: (414) 662-3711
Email: leslie.carter@eeoc.gov

*/s/Carrie Vance*
Carrie Vance, WI Bar # 1056606
Senior Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Ave, Suite 500
Milwaukee, WI 53203
Telephone: 414-662-3686
Email: carrie.vance@eeoc.gov

**ATTORNEY FOR DEFENDANT
GIERTSEN COMPANY OF WISCONSIN
D/B/A GIERTSEN RESTORATION**

*/s/ Daniel D. Barker*
Daniel D. Barker, WI Bar # 1026981
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Telephone: 608-807-5273
Fax: 608-260-0058
Email: daniel.barker@jacksonlewis.com